IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KEVIN JACKSON,                    )
                                  )
         Petitioner,              )
                                  )    CIVIL ACTION NO.
v.                                )    2:18-CV-659-RAH-CSC
                                  )         (WO)
UNITED STATES OF AMERICA,         )
                                  )
         Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Before the court is petitioner Kevin Jackson's motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence by a person in federal custody. Doc. 2.[1] For the reasons

that follow, the court recommends that Jackson's § 2255 motion be denied without an

evidentiary hearing and that this case be dismissed with prejudice.

## II.  BACKGROUND

On July 10, 2013, Jackson pled guilty in this court to one count of possession of

unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2, and one count

of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) & (c)(4) and 2. *See*

Doc. 2-7 at 1. After a sentencing hearing on November 14, 2013, the district court

sentenced Jackson to 102 months in prison. Doc. 8-4. During the sentencing hearing, the

---

[1] References to document numbers assigned by the Clerk of Court are designated as "Doc." Pinpoint
citations are to the page of the electronically filed document in the court's CM/ECF filing system, which
may not correspond to pagination on the "hard copy" of the document presented for filing.

district court specifically noted that the sentence imposed took into consideration, as relevant conduct, Jackson's assault on his girlfriend, which was the basis of state charges then pending against Jackson.[2] *Id*. at 48. The district court recommended to the state court that any sentence that might be imposed in the state case run concurrent with the federal sentence. *Id.*

Jackson appealed, arguing that the district court erred by (1) finding him responsible for the entire intended-loss amount calculated under the Sentencing Guidelines and (2) finding that a video showing his assault of his girlfriend was related to his convictions for fraud offenses. Doc. 8-6. On October 3, 2014, the Eleventh Circuit affirmed Jackson's convictions and sentence in an unpublished per curiam opinion. *United States v. Jackson*, 586 F. App'x 545 (11th Cir. 2014). Jackson did not seek certiorari review in the Supreme Court.

On February 28, 2018, Jackson filed in his criminal case[3] what he labeled as a "Motion for Sentencing Adjustment Pursuant to U.S.S.G Section 5G1.3." Doc. 2. In the motion, Jackson stated that on March 3, 2014 (around three and a half months after his federal sentence was imposed), the Circuit Court of Montgomery County, Alabama sentenced him to 15 years in prison on the state charges for assaulting his girlfriend that

---

[2] The district court found that Jackson's assault on his girlfriend was part of an effort to conceal his fraud offenses. Doc. 8-4 at 35.

[3] Criminal Case No. 2:13-CR-65-MHT.

were pending when he was sentenced in his federal case.[4] *Id*. at 2. Jackson argued that,

under U.S.S.G § 5G1.3(b), he was entitled to credit against his federal sentence for time he

spent in the Montgomery County Jail while awaiting the November 2013 sentencing in his

federal case.[5] *Id*. at 2–3. Section 5G1.3(b) requires a sentencing court to impose a shorter

sentence to account for imprisonment already served on another conviction encompassing

the same conduct.[6]

   This court initially ordered that Jackson's motion be stricken from the criminal

docket and refiled in a new civil action as a petition for writ of habeas corpus under 28

U.S.C. § 2241. Doc. 1. Upon further consideration, however, this court determined that

because Jackson's motion appeared to be "challenging the district court's application of

U.S.S.G. § 5G1.3(b) *at the time of his sentencing*" and not the BOP's later calculation of

---

[4] Jackson stated that he had since been released on state parole to the custody of the Federal Bureau of Prisons. Doc. 2 at 2.

[5] Jackson was in the custody of the Montgomery County Jail on the state charges arising from the assault of his girlfriend. He was brought before this court in May 2013 on a writ of habeas corpus ad prosequendum. Doc. 8-2.

[6] Section 5G1.3(b) provides:

   (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to
       the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or
       (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be
       imposed as follows:

       (1) the court shall adjust the sentence for any period of imprisonment already
           served on the undischarged term of imprisonment if the court determines that
           such period of imprisonment will not be credited to the federal sentence by the
           Bureau of Prisons; and

       (2) the sentence for the instant offense shall be imposed to run concurrently to the
           remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

his sentencing credit, his motion was better characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, not as a § 2241 habeas petition.[7] Doc. 3 at 1 (emphasis added). In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Jackson of its intention to treat his motion as a § 2255 motion and directed him to advise the court whether he wished to proceed under § 2255 on the sole claim in his motion, to amend his motion to assert additional claims under § 2255, or to withdraw his motion. Doc. 3 at 1–3. The court advised Jackson of the consequences of the recharacterization of his motion as a § 2255 motion and gave him until August 6, 2018, to contest the decision. *Id*. at 2.

The deadline passed without a response from Jackson. Therefore, the court treated Jackson's motion as one under § 2255 and ordered the government to respond to Jackson's claim. Doc. 4. The government has filed a response arguing that, to the extent Jackson's § 2255 motion challenges the sentence imposed by the district court in November 2013, it is time-barred under 28 U.S.C. § 2255(f). Doc. 8 at 3–4. The government further argues that Jackson's claim is wrong on the merits because U.S.S.G. § 5G1.3(b) is inapplicable to his sentence.[8] *Id*. at 5–8.

---

[7] Challenges to the imposition of a federal sentence must generally be raised under § 2255. *Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007). Ordinarily, only challenges to the execution of a sentence (including such matters as the computation of a prisoner's sentence by the BOP) are properly brought under § 2241. *Id*.; *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). *See Saunders v. Unnamed Warden*, 2008 WL 2775763, at *7 (D.N.J. July 14, 2008) (Challenging the sentencing court's application of U.S.S.G. § 5G1.3 is "more appropriate[ly brought as an issue] for the sentencing court pursuant to a motion under 28 U.S.C. § 2255, rather than th[e] district court in a § 2241 habeas petition where petitioner is held in custody.").

[8] The government also argues that Jackson's claim is procedurally barred because Jackson did not raise the claim on direct appeal and has not shown cause to excuse his default. Doc. 8 at 4–5. Additionally, the government argues that Jackson's claim is not predicated on alleged constitutional error and thus cannot

## III. DISCUSSION

**A.    Limitation Period**

The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As a general rule, a § 2255 motion, and all claims for relief under § 2255, must be filed within a year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Regarding the limitation period in § 2255(f)(1), the Supreme Court has stated that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the

---

form the basis for relief under § 2255. *Id*. at 5. The court pretermits discussion of these arguments, though they may be well taken. Finally, the government argues that to the extent Jackson seeks to contest the BOP's calculation of his sentencing credit, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court in the district where he is incarcerated. While this is so, the court considers Jackson's motion as an attack on the sentence imposed by the district court in November 2013.

conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for seeking certiorari review in the Supreme Court expires 90 days after entry of judgment by the appellate court. *See* Rule 13, Rules of the Supreme Court of the United States.

Jackson appealed his conviction and sentence, but did not seek further review after the Eleventh Circuit decided his direct appeal in its per curiam opinion issued on October 3, 2014. *United States v. Jackson*, 586 F. App'x 545 (11th Cir. 2014). Ninety days from that date is January 1, 2015. Thus, Jackson's judgment of conviction became final on January 2, 2015, which was the first business day after January 1, 2015. Under § 2255(f)(1), any motion or claim by Jackson seeking relief under § 2255 must have been filed by January 4, 2016, which was the first business day after January 2, 2016. Jackson filed his § 2255 motion on February 28, 2018—more than two years after expiration of the limitation period in § 2255(f)(1). Therefore, Jackson's § 2255 motion is time-barred.[9]

## B.   Jackson's Claim Lacks Merit.

The lack of merit in Jackson's claim is also clear. Jackson relies on U.S.S.G. § 5G1.3(b), which applies when a federal defendant is serving a sentence from a related offense. Section 5G1.3(b) provides for an adjustment of a defendant's federal sentence at the time of sentencing if: "[1] a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and [2] that [other offense] was the basis for an increase in the offense level for the instant offense[.]" U.S.S.G. § 5G1.3(b). Although the

---

[9] Jackson sets forth no facts or argument to establish that 28 U.S.C. § 2255(f)(2), (3), or (4) applies to provide the limitation period in his case, and he does not describe any circumstances that fall within any exception that would equitably toll the limitation period of § 2255(f).

district court, when imposing Jackson's federal sentence, took into consideration as relevant conduct Jackson's assault on his girlfriend, Jackson had not yet been convicted or sentenced on the state charges when the federal sentence was imposed. By its own terms, § 5G1.3(b) applies only if "a term of imprisonment" for the related offense has already been imposed at the time the federal sentence is imposed. *United States v. Rollins*, 552 F.3d 739, 742 (8th Cir. 2009); *United States v. Gonzalez-Chavez*, 651 F. App'x 725, 729 (10th Cir. 2016). Section 5G1.3(b) does not apply to attempts to receive credit for pretrial custody or detention, which is what Jackson is attempting to do through his motion. *See Gonzalez-Chavez*, 651 F. App'x at 729; *United States v. Stebbins*, 523 F. App'x 1, 4 (1st Cir. 2013). Thus, as the government argues, Jackson was not eligible for sentence credit under § 5G1.3(b).

The district court did recommend to the state court that any sentence that might be imposed in Jackson's state case run concurrent with the federal sentence, which fully complied with U.S.S.G. § 5G1.3**(c)**. That Sentencing Guideline provision states that where a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant federal offense, "the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c). The district court did this at Jackson's sentencing.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jackson be DENIED and that this case be DISMISSED with

prejudice because Jackson's motion is time-barred. And, even if the motion is not time-barred, Jackson's claim lacks merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **June 29, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of June, 2021.

  /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE